UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>ALPINE PARTNERS (BVI) L.P.,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Case 1:23-MC-00173-JLR |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

This stipulation and protective order (the "**Stipulation**") is entered into by and between Petitioner Alpine Partners (BVI) L.P. ("**Petitioner**") and Respondent J.P. Morgan Securities LLC ("**Respondent**") and their undersigned counsel.

IT IS HEREBY STIPULATED AND AGREED BY PETITIONER AND RESPONDENT (each a "**Party**" and collectively, the "**Parties**"), AND ORDERED BY THE COURT, THAT:

1. This Stipulation shall govern the handling of all documents (including all "documents" as defined in Fed. R. Civ. P. 34(a)), deposition testimony, discovery responses and other materials, including all copies and excerpts thereof (collectively "**Material**")) produced or provided by Respondent (in such capacity, "Respondent" or the "**Producing Party**") in response to a subpoena (or otherwise) in the above-captioned proceeding (the "**1782 Proceeding**"). The Material produced or provided by Respondent shall be handled in accordance with this Stipulation, and shall be used by the Receiving Party (Petitioner, along with each Bermudian Party, as defined below, that has signed Exhibit A, is a "**Receiving Party**"), in the current action (including any appeals) pending before the Supreme Court of Bermuda (the "**Bermudian Court**") commenced by dissenting shareholders, including Petitioner, to determine the fair value

of their former shareholdings in Myovant Sciences Ltd. (the "**Company**"), with the heading case number 2023: Nos. 62 and 63 (the "**Appraisal Proceeding**", and, with the 1782 Proceeding, the "**Actions**"), any related 1782 proceedings brought in connection with the Appraisal Proceeding, or in connection with the taking of discovery from any party who is already the recipient of the Material designated confidential (the "**Confidential Material**"), as permitted herein and for no other action, proceeding, or purpose.

**A.      SCOPE**

2.      No person subject to this Stipulation may disclose such Confidential Material to anyone else, except as this Stipulation expressly permits or this Court or the relevant Bermudian court so orders. The protections conferred by this Stipulation cover not only Confidential Material but also any information copied or extracted from Confidential Material; all copies, excerpts, summaries, or compilations of Confidential Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Material. For the avoidance of doubt, nothing herein shall prevent or limit Counsel for the Parties from providing advice to their clients, provided that such advice does not disclose the substance of Confidential Material in a manner that would violate this Order.

**B.      DURATION**

3.      Even after final disposition in the Actions, the confidentiality obligations imposed by this Stipulation will remain in effect and will continue to be binding on all persons to whom Confidential Material is produced or disclosed until the Producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in the Appraisal Proceeding, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the

Appraisal Proceeding, including the time limits for filing any motions or applications for extension of time under applicable law.

C.     **DISCLOSURE OF MATERIAL TO THE BERMUDIAN PARTIES**

4.     Any party in the Appraisal Proceeding (each a "**Bermudian Party**" and collectively the "**Bermudian Parties**"),[1] that is not Petitioner may become a Receiving Party and may receive any Material (including both Material designated and not designated as Confidential) covered by this Stipulation if counsel for Petitioner provides counsel for the Bermudian Party with a copy of this Stipulation and causes the Bermudian Party to execute a copy of the certificate in the form attached as Exhibit A to this Stipulation.  Counsel for that Bermudian Party will be responsible for holding such executed certificates.  A Bermudian Party that becomes a Receiving Party may disclose Confidential Material only to the extent permitted by paragraphs 7 and 8, respectively, of this Stipulation and in compliance with the procedures set forth therein, and may only use such Confidential Material in connection with the Appraisal Proceeding (including any appeals) or the 1782 Proceeding, and for no other purpose.  Respondent is under no obligation to provide any Bermudian Party with any Material produced pursuant to this Stipulation.

D.     **DESIGNATION AND GENERAL DISCLOSURE OF MATERIAL**

5.     The Producing Party that designates information or items for protection under this Stipulation must take reasonable care to limit any such designation to specific Material that qualifies under the applicable standards.  Such designation constitutes a representation by the Producing Party that, based on a good faith and reasonable inquiry, the Material qualifies for protection under the applicable standards.  The Producing Party must designate for protection

---

[1] The Bermudian Parties include the Company, Petitioner, and another dissenting shareholder, APS Holding Corporation.

only those parts of Material that qualify so that other portions of the Material for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation. If it comes to the Producing Party's attention that Material designated for protection does not qualify for that level of protection, the Producing Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6. Material that contains or discloses information that in the good faith judgment of the Producing Party: (i) contains or constitutes nonpublic proprietary or confidential technical, business, financial, personal, or commercial information, or other information the disclosure of which would be detrimental to the interest or conduct of the business of the Producing Party, its clients, and/or any third parties; (ii) contains private or confidential personal information; (iii) is protected by a right to privacy under federal or state law, any other applicable law, or any other applicable privilege or right related to confidentiality or privacy; (iv) is the subject of another confidentiality agreement or obligation, or any other statute, regulation, contract, agreement, rule or applicable law that prevents its disclosure; (v) is the kind of information the Producing Party would not normally reveal to third parties except in confidence, or has undertaken to maintain in confidence; or (vi) is non-public and of a financially-sensitive nature, may be designated by the Producing Party in good faith as **Confidential Material**. All Confidential Material produced by the Producing Party shall bear the legend "Confidential" on each page in addition to an appropriate Bates-stamp designation indicating the Producing Party.

7. Confidential Material produced or provided by the Producing Party shall be held by all Receiving Parties and their undersigned counsel in strict confidence. Unless required by law or court order, or unless agreed otherwise with the Producing Party in writing, such Confidential Material shall not be given, shown, made available or communicated in any way to

anyone other than: (i) undersigned counsel for Petitioner and paralegals, legal assistants, technical, administrative and clerical employees, as well as other attorneys or research staff, working under the direct supervision of such counsel, including any outside vendor providing litigation support and photocopying services for such counsel; (ii) attorneys, clerical, paralegal and other staff employed by or working with (including any outside vendor providing litigation support and photocopying services) outside counsel for a Receiving Party for whom access under this paragraph is reasonably necessary to assist with such representation; (iii) in-house counsel for, or a person who otherwise holds an active bar membership in any jurisdiction and is employed by, a Receiving Party (or any of their investment managers, investment advisors, and general or limited partners, as applicable); (iv) any expert or consultant retained by or on behalf of a Receiving Party in connection with the Appraisal Proceeding or the 1782 Proceeding; (v) designated officers, employees, members, investment managers, investment advisors, and general or limited partners, as applicable, of a Receiving Party who are actively involved in and necessary to assist in connection with the Appraisal Proceeding or the 1782 Proceeding; (vi) a recipient of the Confidential Material or attendee at a meeting, or portion of a meeting, in which the Confidential Material was disclosed; (vii) court reporters and their employees presiding over a deposition or hearing in the Appraisal Proceeding or the 1782 Proceeding; (viii) the presiding court's personnel in any hearing before the Bermudian Court or the U.S. District Court in the 1782 Proceeding or a related 1782 proceeding; and (ix) any mediator, arbitrator, special master, or settlement officer, and their supporting personnel engaged in connection with the 1782 Proceeding, a related 1782 Proceeding, or the Appraisal Proceeding.  Persons listed in subparagraphs (ii), (iii), (iv), (v), (vi), and (ix) may be given access to Confidential Material only after counsel for a Receiving Party has provided each such person a copy of this Stipulation and

causes each such person to first execute the certificate in the form attached as Exhibit A (except that this requirement does not apply to any currently active judicial officer engaged in connection with (ix)).  Counsel for that Receiving Party shall be responsible for holding executed certificates for all persons to whom that Receiving Party has disclosed Confidential Material under subparagraphs (ii), (iii), (iv), (v), (vi) and (ix).  The Receiving Parties and their undersigned counsel agree not to share any Confidential Material with any other individuals or entities other than those listed in provisions (i), (ii), (iii), (iv), (v), (vi), (vii), (viii) and (ix) above.  Upon written request from the Producing Party, counsel for Petitioner shall provide the requesting Producing Party with copies of any and all executed certificates held by such Petitioner and by counsel to all Receiving Parties to whom such Petitioner provided Confidential Material, within ten (10) calendar days of such request.

8. If there is a deposition of an employee or former employee of Respondent, or counsel for Respondent is present at a deposition taken in the 1782 Proceeding, information or testimony disclosed at the deposition may be designated as Confidential Material by Respondent, acting in good faith, through Respondent's counsel.  To designate such information or testimony as Confidential Material, Respondent's counsel shall (i) identify on the record at the deposition those portions of the testimony that are designated as Confidential Material, or (ii) within twenty-one (21) calendar days after receipt of the final version of the transcript from the deposition, provide written notification to all Receiving Parties through the Receiving Parties' counsel of record those pages and lines of the transcript that are to be designated as Confidential Material.  In the intervening period between the date of the deposition and twenty-one (21) calendar days after Respondent receives a copy of the final version of the deposition transcript, the entire transcript (including any and all drafts), video, and any other recording of the

deposition shall be treated as Confidential Material consistent with this Stipulation. Each page of deposition transcript designated in whole or in part as Confidential Material shall be marked as "Confidential". Any Receiving Party who intends to use Confidential Material at a deposition shall ensure that any person(s) not permitted access to such Confidential Material under the terms of this Stipulation shall be excluded from any portion of any such deposition at which such Confidential Material is used. The court reporter transcribing the testimony at such deposition shall not be so excluded.

9. Respondent's failure to designate Confidential Material as "Confidential" at the time of production or twenty-one (21) calendar days after Respondent receives a copy of the final version of the deposition transcript may be remedied by a supplemental written notice to counsel for Petitioner sent within a reasonable time, and subsequent production of re-labeled copies of the Confidential Material reflecting the change in designation. Petitioner shall in turn notify all other Receiving Parties in possession of such Confidential Material within a reasonable time. Upon receiving such written notice, all Receiving Parties shall thereafter treat the designated materials as so designated in accordance with the terms of this Stipulation, and delete and replace the incorrectly designated Material, and all copies thereof, with the newly designated Confidential Material (to be provided by Petitioner). To the extent such information may have been disclosed to anyone not authorized to receive Confidential Material under the terms of this Stipulation, the Receiving Party shall make reasonable efforts to retrieve the Confidential Material promptly and to avoid any further disclosure. The designation of a document or information as Confidential Material is without prejudice to the right of any Receiving Party to challenge in this Court such designation as provided in paragraph 13 of this Stipulation.

**E.   USE OF MATERIALS IN THE APPRAISAL PROCEEDING**

10.     Nothing in this Stipulation will prevent any Receiving Party from relying on or using Confidential Material at trial, or at a hearing or other proceeding in the Appraisal Proceeding (including any appeals) in compliance with all agreed and ordered procedures applicable in the Appraisal Proceeding, <u>provided however</u>, that prior to using any of Respondent's Confidential Material in a public filing, at trial or a hearing or other proceeding in the Appraisal Proceeding, or in any other manner in the Appraisal Proceeding by which such Confidential Material could be publicly disclosed, such Receiving Party will provide Respondent at least fourteen (14) calendar days' written notice of the specific Bates ranges of the Confidential Material the Receiving Party seeks to use in such filing, or at such trial, hearing or proceeding, or in such other manner, so that Respondent will have the opportunity to apply to the Bermudian Court in the Appraisal Proceeding for an order to restrict public disclosure of such Confidential Materials.  Nothing herein precludes this Court from considering the rulings by the Bermudian Court regarding the disclosure of Confidential Material in connection with any dispute regarding the disclosure of Confidential Material.  Notwithstanding paragraph 21 of this Stipulation, all questions related to the manner in which Confidential Material could be publicly disclosed in a public filing, at a trial, hearing or other proceeding, or in any other manner where such material could be publicly disclosed in the Appraisal Proceeding, shall be heard and resolved only by the Bermudian Court.

11.     In the event that Respondent files a request with the Bermudian Court for any further protection concerning the use of Confidential Material in the Appraisal Proceeding, any Receiving Party wishing to use such Confidential Material shall not use the Confidential Material in question in a manner inconsistent with this Stipulation unless and until the

Bermudian Court rules on Respondent's application for an order to restrict public disclosure, or as otherwise agreed by the Producing Party.

12. For avoidance of doubt, any ruling of the Bermudian Court on Respondent's application for further protections of Confidential Material in the Appraisal Proceeding or in a Related 1782 Proceeding shall not in any way impact the designation of such Confidential Material in the 1782 Proceeding or in any other context. In the event the Bermudian Court denies any such application brought by Respondent seeking additional protections for the Confidential Material sought to be used in the Appraisal Proceeding in any public filing, at any trial, hearing or ruling shall not impact the designation of such Confidential Material outside the limited context of such use. In all other contexts, all Receiving Parties shall continue to treat the Confidential Material as Confidential (however designated) as defined in this Stipulation.

F.  **CHALLENGING DESIGNATIONS**

13. No Receiving Party shall be obligated to challenge the propriety of a confidentiality designation, and failure to do so shall not preclude a subsequent challenge to such designation. If, in good faith, any Receiving Party objects to the designation or treatment of any specific Confidential Material, the Receiving Party shall so state by letter to counsel for the Producing Party. Counsel for the Receiving Party and counsel for the Producing Party shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of the specified Confidential Material. In the event that the Producing and Receiving Parties are unable to resolve any dispute concerning the treatment of such Confidential Material, the Receiving Party shall file an application with this Court, under seal, challenging the designation of such Confidential Material. In its application to this Court, the Receiving Party shall identify the specific documents to which it objects as well as the basis for its objection as to each document. This Stipulation shall not alter the burden of proof or persuasion in any such

proceeding. Pending determination of such application, the challenged Confidential Material shall continue to be treated in accordance with its original designation. Only Receiving Parties shall have the ability to challenge any Confidential designation, or any other designation, including privilege, work product, or other statutory or legal protections asserted by the Producing Party, and shall do so, if at all, in this Court.

14. A Receiving Party reserves the right to seek its reasonable costs and attorneys' fees incurred in challenging a designation, and the Producing Party reserves the right to oppose any such application. The Producing Party, in turn, reserves the right to seek reasonable costs and attorneys' fees incurred in opposing any such challenges or in seeking or responding to any other form of relief against or sought by a Receiving Party in connection with this Stipulation, and the Receiving Parties reserve the right to oppose any such application. This provision is not intended to alter any rights to seek attorneys' fees or costs available under the applicable local, state, or federal rules.

G. **INADVERTENT PRODUCTION**

15. The Parties agree that pursuant to Federal Rule of Evidence 502, production or provision of Material that is attorney-client privileged, work product under the Federal Rules of Civil Procedure or any other applicable law, or otherwise privileged, immune, or protected from disclosure by any statute, regulation, or law ("**Privileged Material**"), whether inadvertent or otherwise, shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or other applicable privilege, immunity, or protection. This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16. In the event that any Privileged Material is inadvertently produced or provided that the Producing Party later claims is Privileged Material, any Receiving Party who received such Privileged Material shall use all commercially reasonable efforts promptly to destroy or

return to the Producing Party all copies of the same to counsel for the Producing Party within seven (7) calendar days of written notice and also comply with reasonable requests of the Producing Party for handling such Privileged Material. This paragraph is without prejudice to the right of any Receiving Party to challenge in this Court the Producing Party's assertion of any claim that such Material is Privileged Material.

### H.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER ACTIONS.

17. If any Receiving Party is served with a legally binding demand (e.g., subpoena, document request, order, interrogatory, or civil investigative demand) (collectively, a "**Demand**") issued in any other action, investigation or proceeding in any jurisdiction and such Demand seeks Materials designated as Confidential under this Stipulation, the Receiving Party shall give prompt written notice of such Demand within five (5) calendar days of receipt of the Demand to the Producing Party. The Receiving Party receiving the Demand shall object to the production of such materials on the grounds of the existence of this Order and shall not produce such materials unless the Receiving Party is served with an order from any court or administrative agency of competent jurisdiction directing that the Demand be complied with. In the event the party issuing the Demand files a motion seeking the disclosure of such material, the Receiving Party shall immediately provide written notice to the Producing Party at the time such motion is filed to permit the Producing Party a reasonable opportunity to defend the designation and otherwise respond to the motion. It shall be the burden of the Producing Party and not the burden of the Receiving Party that received the Demand to seek a protective order or other court relief from production.

**I.   MISCELLANEOUS**

18.   Except as provided otherwise by any subsequent order of the Court, within forty-five (45) calendar days after receiving notice of entry of an order, judgment or decree finally disposing of the Appraisal Proceeding (including appeals), or as otherwise agreed by all Parties, all Receiving Parties in possession of Confidential Material shall use all commercially reasonable efforts to return all Confidential Material, including all copies, summaries and excerpts thereof, to counsel for the Producing Party, or destroy them.  If the Confidential Material is destroyed, counsel for the Receiving Party shall, within seven (7) calendar days following such destruction, certify in writing to counsel for the Producing Party that all such Confidential Material within its possession, custody, or control has been destroyed. Notwithstanding the foregoing, counsel for the Receiving Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that include or refer to the Confidential Material, provided that such counsel, and employees of such counsel, shall not disclose any Confidential Material in such court papers, deposition or trial transcripts or attorney work product to any person or entity, except pursuant to Court order or written agreement with the Producing Party or use such Confidential Material for any purpose.

19.   Each person who has access to Confidential Material designated under this Order must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.  Receiving Parties shall take reasonable steps to maintain such Confidential Material in a secure and safe area and shall exercise a reasonable standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the Confidential Material to safeguard against unauthorized or inadvertent disclosure of such Material. All copies, reproductions, extractions, and abstractions of the Confidential Material shall be subject to the terms of this Stipulation.

20. If any Receiving Party discovers a breach of security relating to the Confidential Material, the Receiving Party shall: (1) provide written notice to the Producing Party of such breach as soon as reasonably practical; and (2) to the extent reasonably possible, provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach.  The Receiving Party agrees to provide reasonable cooperation to the Producing Party and law enforcement in investigating any security incident at the cost of the Producing Party.

21. Notwithstanding any provision contained herein, nothing in this Stipulation shall restrict in any way the right of the Producing Party to make use of its own Confidential Material in any way it deems fit.

22. This Stipulation shall be deemed effective as to each Party, its attorneys, agents, and representatives, upon execution by all Parties.  When effective, this Stipulation applies to any Material provided prior to and after its execution.

23. This Stipulation shall remain binding after the conclusion of the 1782 Proceeding and the Appraisal Proceeding.

24. Except as set forth herein, during the pendency of this case only, the Court shall have exclusive and sole jurisdiction over the interpretation and enforcement of this Stipulation. Except as provided in Paragraph 13 of this Stipulation, any dispute concerning this Stipulation, including but not limited to a dispute between a Producing Party and a Receiving Party, shall be heard in the United States District Court for the Southern District of New York.

25. Nothing contained in this Stipulation will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or

protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

26. The terms of this Stipulation shall not be modified except upon written stipulation by counsel for the Parties, or by Order of this Court.

-15-

**STIPULATED AND AGREED:**

Dated:   January 22, 2024

| | |
|---|---|
| */s/ Anastasia Cembrovska* | */s/ Kristin N. Murphy* |
| Anastasia Cembrovska | Kristin N. Murphy |
| Duane L. Loft | LATHAM & WATKINS LLP |
| Brianna Hills Simopoulos | 650 Town Center Dr. |
| Mark C. Davies | 20th Floor |
| PALLAS PARTNERS (US) LLP | Costa Mesa, CA 92692 |
| 75 Rockefeller Plaza | Tel: (714) 755-8287 |
| New York, NY 10019 | kristin.murphy@lw.com |
| Tel: (212) 970-2300 | |
| Anastasia.Cembrovska@pallasllp.com | |
| Duane.Loft@pallasllp.com | *Attorney for Respondent* |
| Brianna.Simopoulos@pallasllp.com | |
| Mark.Davies@pallasllp.com | |

*Attorneys for Petitioner*

So ordered this  23rd  day of January, 2024

*Jennifer Rochon* (signature)

HON. JENNIFER ROCHON
UNITED STATES DISTRICT JUDGE

## *EXHIBIT A*

## CERTIFICATE OF ACKNOWLEDGMENT

The undersigned hereby acknowledges that it/he/she has read the Stipulation and Protective Order entered into between the Parties dated _____, in the proceeding captioned *In Re Alpine Partners (BVI) L.P..¸* No. 23-mc-00173-JLR (S.D.N.Y.), understands and agrees that it/he/she shall abide by the terms thereof, and consents to the jurisdiction of the United States District Court for the Southern District of New York to adjudicate any dispute related to or arising out of the Stipulation.  Nothing herein shall be construed as subjecting the undersigned to the general personal jurisdiction of the United States District Court for the Southern District of New York.

Date: _____

By: _____

Title: _____

Employer: _____